IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 7 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02116-OES

ROSENDO HERRERA,
    Plaintiff,

v.

JOE ORTIZ, Director of C.D.O.C.,
RON LEYBA, "Present" Warden, A.V.C.F.,
CARL ZENON, "Past" Warden, A.V.C.F.,
LAWERENCE THEODOR, P.A.,
SINGH TEJINDER, P.A.,
PATTY BEECROFT, Medical Doctor, and
ANTHONY A. DeCESARO, Grievance Officer C.D.O.C.,
    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Rosendo Herrera is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Herrera has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his rights under the United States Constitution. The court must construe the complaint liberally because Mr. Herrera is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Herrera will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient because Mr. Herrera fails to allege specific facts to support claims against all

of the named Defendants. It appears that Mr. Herrera is complaining in this action solely about one incident on January 4, 2005, when he allegedly was denied medical care because that is the only specific incident described in the complaint. However, there also is some indication that Mr. Herrera is complaining about the medical care he is receiving in general. He will be ordered to file an amended complaint to clarify the claim or claims he is asserting.

Mr. Herrera is reminded that he must allege facts that demonstrate how each Defendant personally participated in the asserted violation of his rights. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Herrera must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). It is not clear why Mr. Herrera is suing seven Defendants if the complaint relates solely to the January 4, 2005, incident. If Mr. Herrera is raising some other medical claim or claims, it still is not clear how each named Defendant personally participated in the alleged violations of his rights.

Finally, if Mr. Herrera is asserting any claims that are not related to the January 4, 2005, incident, he also must clarify in the amended complaint how he has exhausted

2

administrative remedies for those claims. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Herrera must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. The grievances that Mr. Herrera attaches to the complaint do not demonstrate that he has exhausted administrative remedies for any claims that are not related to the January 4, 2005, incident. Accordingly, it is

ORDERED that Mr. Herrera file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Herrera, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Herrera submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Herrera fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 7 day of December, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02116-OES

Rosendo Herrera
Reg. No. 120930
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 12-7-05

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk